(91 South. 875)

**BIXLER v. SEEBERG.   (1 Div. 216.)**

(Supreme Court of Alabama.   Dec. 22, 1921.)

1. **Specific performance** ⟨key⟩121(6)—**Testimony of agent he delivered purchaser's note to vendor, who accepted it, held to establish contract.**

In a suit for specific performance of a contract for the sale of land by defendant's intestate, evidence *held* sufficient to establish the contract, notwithstanding defendant's claim that the note delivered by the agent was a different one given in another transaction.

2. **Courts** ⟨key⟩106—**Supreme Court will not discuss evidence.**

Since the enactment of Acts 1915, p. 595, § 3, providing that justices of the Supreme Court need not write opinions where the decision relates to questions of fact only, it is not the policy of the Supreme Court to enter into a detailed discussion of the evidence.

Appeal from Circuit Court, Mobile County; Joel W. Goldsby, Judge.

Bill by Rolf Seeberg against Claudia I. Bixler, to specifically enforce a contract for the sale of certain lands made with her intestate. From a decree granting relief, respondent appeals. Affirmed.

Elliott G. Rickarby, of Mobile, for appellant.

Counsel discuss the assignments of error, with the insistence that the decree is founded in error, but he cites no authority.

Webb, McAlpine & Grove, of Mobile, for appellee.

Counsel discuss the evidence and the decree of the court, with the insistence that same is correct, but they cite no authority in support thereof.

GARDNER, J. Bill by appellee against appellant, seeking specific performance of a contract for the sale of certain real estate in Mobile county, entered into by respondent's late husband, E. H. Bixler, of whom she is the sole devisee. From a decree granting relief to complainant, respondent prosecutes this appeal.

[1] One Laing, a witness for complainant, acted as agent in the sale of this property, and testified that he sold the lot in question to complainant, and that some time thereafter he took complainant's note for the balance due of $569, which note was delivered to and accepted by E. H. Bixler, Sr. This note was subsequently paid by complainant at the bank, and witness Pharr, who at that time was bookkeeper at the bank, testified the note was indorsed by said Bixler. Counsel for appellant insist that Laing is mistaken in stating that he delivered this note to Bixler, but that it was another note by Seeberg for an entirely different lot, and that Bixler never obtained possession of this particular note. But this other note it appears was for a sum much larger ($1,530), bearing date August 10, 1913, and delivered to Bixler by an entirely different party. There is nothing, however, in Laing's testimony indicating any doubt or uncertainty in his mind as to the actual delivery of this very note to Bixler, and his recollection of the conversation with Bixler in regard to the note seems clear. In addition to this he identifies the figures he put down in the "pass book" concerning this very transaction, showing the exact amount of this note, and when due. Counsel for appellant frankly concede that, if Laing is correct in his testimony to the effect that this particular note was delivered and accepted by Bixler, the decree of the court below is correct.

[2] We have given careful consideration to the argument of counsel for appellant for the establishment of the incorrectness of Laing's testimony, and have weighed the question of any probability of mistake upon his part in the light of the entire proof. We will enter into no detailed discussion of the evidence, however, for such has not been the policy of this court since the passage of the Acts 1915, p. 594. Pilcher v. Surles, 202 Ala. 643, 81 South. 585. It will suffice to say the evidence has been duly considered by the court in consultation, and the conclusion reached that the decree rendered was fully justified by the proof, and is correct.

The decree of the court below is therefore affirmed.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.